RULLMAN v. JOSEPH E. SEAGRAM & SONS, INC.

[No. 15,616.  Filed April 20, 1936.]

*Hotell F. Denmure* and *Charles A. Lowe,* for appellant.

*Ralph B. Gregg* and *Edward J. Fillenworth,* for appellee.

DUDINE, J.—This is an appeal from an award of the Industrial Board denying appellant compensation.

The evidence indisputably shows that appellant was in the employ of appellee on the 25th day of July, 1934. At about 5:00 P. M. on that day he was fitting spouting to the ceiling in one of appellee's buildings. Steam pipes containing live steam ran along and close to the place where appellant was working. The place was extremely hot. While so engaged, appellant became dizzy. He descended the ladder, on which he was working, and "everything became black before his eyes, but it finally passed away, and . . . he walked outside and then went home." He return to work the next two days, but

was unable to do his regular work. He was unable to work thereafter. The Industrial Board found that the disability suffered by appellant "was not the result of an accidental injury arising out of and in the course of his employment," and denied compensation.

The error assigned on appeal is that the award is contrary to law.

Appellant contends that the evidence conclusively shows that appellant suffered a heat stroke, that his disabilities are the consequences thereof, and that ■ the decisions of this court in heat stroke cases [see *Cunningham* v. *Warner Gear Co.* (1935), 101 Ind. App. 220, 198 N. E. 808] should impel us to reverse the award.

Several doctors testified on the subject of whether or not this was a heat stroke case. Some of the doctors testified that it was, but, at least one doctor testified that it was not a case of heat stroke. That doctor said it was a case of Myesthenia Gravis, which is a disease of the muscles. He testified further than heat does not affect nor contribute to Myesthenia Gravis, and that it could not have been affected by appellant's work, or the conditions under which he worked. This doctor distinguished heat stroke from Myesthenia Gravis. He had examined appellant shortly after appellant began suffering the ailment, and the doctor testified as to symptoms which appellant showed at that time which were not symptoms of heat stroke.

In view of the evidence of that doctor alone, we can not say that the evidence conclusively shows that this was a case of heat stroke.

Appellant contends further, however, that if it be assumed that he was suffering with Myesthenia Gravis at the time of the alleged accidental injury, the ■ evidence conclusively shows that the disease was aggravated by his employment, and therefore is compensable.

112

The testimony of said doctor to the effect that Myesthenia Gravis is not affected' by heat, and could not be affected by appellant's employment or the conditions under which he worked, is a sufficient answer to said contention.

No reversible error having been shown, the award is affirmed.